UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC RIGGS<br>CDCR #E26630,<br><br>                                  Plaintiff,<br><br>                vs.<br><br><br>RAYMOND MADDEN, Warden, et al.,<br><br>                                  Defendants. | Case No.:  3:23-cv-01900-JO-DEB<br><br>**ORDER DISMISSING ACTION FOR FAILING TO STATE A CLAIM UNDER 28 U.S.C. § 1915A** |

   Plaintiff Isaac Riggs is a state prisoner currently incarcerated at California State Prison, Los Angeles County.  Proceeding *pro se*, he filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights when they forced him to transfer to Kern Valley State Prison—a transfer that resulted in Plaintiff contracting Covid-19 at his new facility.  *Id.*  For the reasons set forth below, the Court dismisses Plaintiff's Complaint with leave to amend.

/ / /

/ / /

/ / /

1

# I. BACKGROUND

Plaintiff complains that officers at Centinela State Prison forced him to transfer to Kern Valley State Prison against his will. In March of 2020, Correctional Officers Rivas and Esquivel entered Plaintiff's cell and informed him that they were transferring him to another facility for a court hearing. ECF No. 1 at 3. When he informed these officers that he did not have a court date and refused to go, they filed a Rules Violation Report ("RVR") against him. *Id.* One week later, Rivas and Equivel again arrived at his cell to transfer him to another facility. After threatening Plaintiff with another RVR if he resisted, they forced him to transfer to Kern Valley, where he contracted Covid-19. *Id.*

Based on these facts, Plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that Warden Madden and Correctional Officers Rivas and Equivel violated his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to due process.

# II. LEGAL STANDARDS

## A. Screening Pursuant to 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the Court must *sua sponte* screen prisoner complaints seeking redress from a government entity or officer and dismiss any portions that are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune. *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. Although failure to state a claim under § 1915(e) incorporates the above Rule 12(b)(6) standards, a *pro se* litigant need only satisfy a "low threshold" to "proceed past the screening stage." *Wilhelm*, 680 F.3d at 1121, 1123.

**B.  Standards for § 1983 Actions**

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (internal citation and quotation marks omitted).

## III.  DISCUSSION

Plaintiff alleges Defendants Madden, Rivas, and Esquivel violated his due process rights when they transferred him to Kern Valley against his will. ECF No. 1 at 3. He further alleges that, in forcing him to transfer to a facility where he contracted Covid-19, Defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. *Id*.  The Court will examine each of Plaintiff's claims in turn to determine whether they have been adequately pled.

**A.  Plaintiff's Due Process Claim**

Plaintiff has not stated a due process claim with respect to his transfer to Kern Valley. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Fourteenth Amendment's protections do not apply to every

injury; rather, they apply only when a plaintiff is deprived of a protected liberty interest. *Sandin v. O'Connor*, 515 U.S. 472, 478 (1995). In a prison context, protected liberty interests "will be generally limited to freedom from restraint which . . . impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Prisoners do not have a liberty interest in being housed in a particular prison or in avoiding being transferred from one prison to another. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Here, Plaintiff's due process claim focuses on his unwanted transfer that to the Kern Valley Facility. Because he does not have a protected liberty interest in avoiding such transfers and has identified no other liberty interest that was violated, Plaintiff fails to state a valid claim for relief under this theory. *Iqbal*, 556 U.S. at 678.

Moreover, the Court finds that pleading additional facts could not cure the fundamental defect that the injury at issue—the unwanted transfer—does not rise to the level of a protected liberty interest. The Court therefore dismisses Plaintiff's § 1983 due process claim with prejudice because amendment would be futile. *See Schmier v. U.S. Ct. of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (finding dismissal without leave to amend proper where further factual allegations could not cure deficiencies).

**B.  Eighth Amendment Claim**

Plaintiff also fails to plead that Defendants violated the Eighth Amendment by acting with the deliberate indifference to his medical condition. "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A prison official violates the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be, objectively 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind"—"one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). A prison official can be held liable only if he "knows of and

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, Plaintiff has not alleged any facts which show Defendants' decision to transfer him or the way that they effected the transfer disregarded serious risks to his health. For example, he does not allege that Defendants knew that transferring Plaintiff to Kern Valley would subject him to higher Covid-19 risks—either because Kern Valley had higher incidences of Covid-19 than other prison facilities or less sanitary conditions. Neither does he allege that they transferred him without taking adequate precautions such as testing, quarantine, or other protective measures. *See, e.g., Hampton v. California*, 83 F.4th 754 (9th Cir. 2023) (denying qualified immunity for Eighth Amendment violation where officials were informed of the dangers of transferring prisoners without testing, quarantine, or protective gear, but did so anyway, resulting in over 2,000 Covid-19 infections and twenty-seven deaths); *Nelson v. Allison*, No. 3:23-cv-00377-CAB-AHG, 2023 WL 5004487 (S.D. Cal. Aug. 4, 2023) (denying motion to dismiss Eighth Amendment claims where Defendants transferred Plaintiff without precautions despite knowing the risk that Covid-19 infections would spread). Because he does not plead facts which would support an inference that Defendant acted with deliberate indifference to his medical well-being, his Eight Amendment claim fails.

**C. Lack of Specificity Regarding Warden Madden's Actions**

Finally, Plaintiff's Complaint fails to state a claim against Warden Madden because he fails to identify the Warden's specific actions or personal involvement in the wrongs that he suffered. To state a § 1983 claim, Plaintiff must allege how "each Government-official defendant, through the official's own individual actions" violated his constitutional rights. *See Iqbal*, 556 U.S. at 676–77. Because there is no *respondeat superior* liability under 42 U.S.C. § 1983, allegations "must be individualized and focus on . . . each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,

423 U.S. 362, 370–71 (1976)); *see Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). A supervisor, may only be held liable under section 1983 if a plaintiff has alleged specific facts which show "either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citation and quotation marks omitted).

Plaintiff's Complaint names Warden Madden as a Defendant, but does not specify what he did or failed to do that violated Plaintiff's constitutional rights. Plaintiff contends only that Officers Rivas, and Esquivel forced him to transfer and, as a result, he contracted Covid-19 at his new facility. He provides no specific, individualized allegations regarding the Warden and the role that he played in this sequence of events. *See Leer*, 844 F.2d at 633 ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Therefore, his Complaint fails to state a plausible claim for relief under section 1983. *Iqbal*, 556 U.S. at 678.

### D. Leave to Amend

Based on the foregoing, the Court finds Plaintiff's complaint fails to state any § 1983 claim upon which relief can be granted and *sua sponte* dismisses it in its entirety pursuant to 28 U.S.C. § 1915A. *See Olivas*, 856 F.3d at 1283. As discussed above, the Court dismisses Plaintiff's due process claim process claim with prejudice. Given Plaintiff's *pro se* status, the Court grants leave for Plaintiff to amend as to his Eighth Amendment claim only. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### IV. CONCLUSION AND ORDER

For the reasons explained above, the Court:

1. **DISMISSES** this civil action *sua sponte* based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

2. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint as to his Eighth Amendment claim only which cures

the deficiencies of his Eighth Amendment claim noted above. *The Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.* See S.D. Cal. CivLR 15.1; *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: January 5, 2024

Hon. Jinsook Ohta
United States District Court Judge