1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ISAAC RIGGS,
CDCR #E26630,

                              Plaintiff,

      vs.

RAYMOND MADDEN, Warden, et al.,

                              Defendants.

Case No.:  3:23-cv-01900-JO-DEB

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM UNDER 28 U.S.C. § 1915A**

Plaintiff Isaac Riggs[1] is currently a state prisoner.  Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights when they forced him to transfer from Centinela State Prison to Kern Valley State Prison—a transfer that resulted in Plaintiff contracting COVID-19 at the new facility.  *See*

---

[1] In Plaintiff's original complaint, he listed his surname as "Riggs."  ECF No. 1 at 1, 7.  In his amended complaint, however, he lists and signs his last name as "Griggs."  ECF No. 4 at 1, 8.  Because several exhibits attached to Plaintiff's pleadings refer to him as "Riggs," *see id.* at 10, 13, and the California Department of Corrections and Rehabilitation Inmate Locator also identifies Inmate No. E26630 as "Isaac Riggs," *see* https://ciris.mt.cdcr.ca.gov/results?lastName=riggs&firstName=isaac, the Court will refer to him as such in this Order.

1

ECF No. 4. Upon screening Plaintiff's First Amended Complaint ("FAC"), the Court dismisses it without leave to amend for the reasons below.

## I.     BACKGROUND

Plaintiff complains that officers at Centinela State Prison forced him to transfer to Kern Valley State Prison against his will. *Id.* at 3. On February 26, 2020, Correctional Officers Rivas and Esquivel entered Plaintiff's cell and informed him that they were transferring him to another facility for a court hearing. *Id.* When Plaintiff informed these officers that he did not have a court date and refused to go, they filed a Rules Violation Report ("RVR") against him. *Id.* During this interaction, Plaintiff expressed his concerns about the COVID-19 virus that was "going around," especially since he was "64 years old with high-risk medical conditions." *Id.* Plaintiff also told the officers he had "not been tested" and the prison had not taken "adequate protective measures." *Id.*

On March 1, 2020,[2] Officers Rivas and Esquivel again arrived at Plaintiff's cell to transfer him to another facility. *Id.* at 3, 10. After threating Plaintiff with another RVR if he resisted, they forced him to transfer to Kern Valley, where he contracted COVID-19. *Id.* at 3.

Based on these facts, Plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that Warden Madden and Officers Rivas and Esquivel violated his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to due process. ECF No. 1. Upon screening, the Court dismissed Plaintiff's original complaint and granted leave to amend his Eighth Amendment claim only. ECF No. 3. In his FAC, Plaintiff alleges Eighth Amendment claims against Officers Rivas, Esquivel and Warden Madden for transferring him without taking proper COVID-19 precautions. ECF No. 4.

///

---

[2] In his FAC, Plaintiff alleges this incident occurred a week after the February 26, 2020 incident. ECF No. 4 at 3. Plaintiff attached prison records to his FAC which indicate the transfer occurred on March 1, 2020. *Id.* at 10.

## II.    LEGAL STANDARDS

### A.  Screening Pursuant to 28 U.S.C. §1915A

Pursuant to 28 U.S.C. § 1915A, the Court must *sua sponte* screen any complaints seeking redress from a government entity or officer and dismiss any portions that are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune. *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A screening incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although failure to state a claim under § 1915A incorporates the above Rule 12(b)(6) standards, a *pro se* litigant need only satisfy a "low threshold" to "proceed past the screening stage." *Wilhelm*, 680 F.3d at 1121, 1123.

### B.  Standards for § 1983 Actions

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert*

3

*Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (internal citation and quotation marks omitted).

### III.   DISCUSSION

**A. Judicial Notice**

As an initial matter, the Court takes judicial notice of some basic facts about the early days of the COVID-19 outbreak. *See Metroflex Oceanside LLC v. Newsom*, 532 F. Supp. 3d 976, 980 (S.D. Cal. 2021) (taking judicial notice of "government orders related to the COVID-19 pandemic"). Under the Federal Rules of Evidence, a court "may judicially notice a fact that is not subject to reasonable dispute[.]" Fed. R. Evid. 201(b). Such facts must either be "generally known within the trial court's territorial jurisdiction" or be "accurately and readily determin[able] from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). A court "may take judicial notice at any stage of the proceedings" and may do so *sua sponte*. Fed. R. Evid. 201(c), (d).

The Court therefore takes judicial notice of the following facts:

(1) On March 11, 2020, the World Health Organization declared the COVID-19 outbreak a pandemic. *See WHO Director-General's Opening Remarks at the Media Briefing on COVID-19*, World Health Organization (Mar. 11, 2020), https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

(2) On March 24, 2020, California Governor Gavin Newsom issued an executive order limiting the transfer of California prison inmates, calling for quarantining of inmates upon arrival from county jails, and educating staff and inmates regarding safeguards against COVID-19. Cal. Exec. Order N-36-20 (Mar. 24, 2020).

(3) On April 3, 2020 the Centers for Disease Control ("CDC") issued, for the first time, a recommendation that members of the general public voluntarily wear cloth masks. *See Recommendation Regarding the Use of Cloth Face Coverings*, Centers for Disease Control (April 3, 2020),

1    https://stacks.cdc.gov/view/cdc/86440.

2    **B.  Plaintiff's Eighth Amendment Claim**

3        Plaintiff has not stated an Eighth Amendment claim against Officers Rivas, Esquivel

4    or Warden Madden because he has not plausibly alleged that they acted with deliberate

5    indifference when they transferred him to Kern Valley.

6        "In order to prevail on an Eighth Amendment claim for inadequate medical care, a

7    plaintiff must show 'deliberate indifference' to his 'serious medical needs.'"  *Colwell v.*

8    *Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97,

9    104 (1976)).  A plaintiff claiming an Eighth Amendment violation must allege facts to

10   plausibly show that the deprivation he suffered was (1) "objectively 'sufficiently serious'";

11   and (2) the prison official had a "sufficiently culpable state of mind," where he "kn[ew] of

12   and disregard[ed] an excessive risk to [an] inmate['s] health or safety." *Farmer v. Brennan*,

13   511 U.S. 825, 834–37(1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  "[T]he

14   official must both be aware of facts from which the inference could be drawn that a

15   substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511

16   U.S. at 837.

17       Here, Plaintiff fails to adequately allege that Officers Rivas, Esquivel or Warden

18   Madden knew that transferring Plaintiff to Kern Valley would subject him to a higher risk

19   of contracting COVID-19 but ignored that risk.  Plaintiff broadly asserts that Defendants

20   "knew or should have known" that Kern Valley "was one of the worst of the [state's] 33

21   prisons."  *See* ECF No. 4 at 3.  He does not, however, allege any facts concerning what

22   these individuals knew on March 1, 2020, the date of his transfer, about the COVID-19

23   risks at Kern Valley.  For example, Plaintiff makes no allegation that Defendants were

24   aware of any COVID-19 cases in the California prison system before this date, much less

25   that there were higher rates at Kern Valley compared with Centinela.  *See* ECF No. 4.  His

26   conclusory allegations are therefore insufficient to plausibly allege that Defendants had

27   subjective knowledge that Kern Valley was more dangerous at the time of the transfer,

28   especially given that COVID-19 had not yet been declared a pandemic. *Toguchi v. Chung*,

391 F.3d 1051, 1057 (9th Cir. 2004) (No Eighth Amendment violation when defendant did not know the risk "no matter how severe the risk.").

Second, Plaintiff fails to allege Defendants knew about the need for COVID-19 protective equipment and  masks  testing but failed to provide them.  Plaintiff does not allege that Defendants knew that COVID-19 posed a danger in the California prison system at this time—ten days before the World Health Organization declared it a pandemic and twenty-three days before Governor Newsom imposed COVID-19 safety measures in state prisons.  Nor does he allege that Defendants knew masking and testing precautions were necessary at this point—thirty-two days before the CDC issued masking recommendations for the public.  *See Recommendation Regarding the Use of Cloth Face Coverings*, Centers for Disease Control (April 3, 2020), https://stacks.cdc.gov/view/cdc/86440.  Finally, he fails to allege that Defendants would have been able to provide masks or COVID-19 testing in this time frame—again, twenty-three days before the governor imposed any COVID safety measures in prisons—but failed to do so.  *See Lopez v. Allison*, 538 F. Supp. 3d 946 (N.D. Cal. 2021) (inmate's "allegations regarding the March 2020 failure to provide COVID-19 tests and PPE" to prison inmates failed to plead deliberate indifference when he made no allegation that individuals at the prison had been infected with COVID-19 at that time); *Barker v. Farooq*, 2022 WL 2903129, at *4–6 (C.D. Cal. May 17, 2022) (finding claim relating to lack of protective equipment deficient without allegations that the prison officials "had the reasonable ability to provide . . . any inmate with supplies").  Because Plaintiff failed to plead that Defendants had knowledge of serious COVID-19 risks at the time of his transfer, he cannot establish that they were deliberately indifferent to those risks.  Therefore, Plaintiff fails to state a plausible Eighth Amendment claim against Defendants.  *See* 28 U.S.C. § 1915A; *Iqbal*, 556 U.S. at 678.

Plaintiff also fails to state a claim against Warden Madden because he does not allege how Warden Madden was personally involved in his transfer or denial of COVID-19 protective equipment.  Where a plaintiff names a warden as a defendant, the plaintiff must specifically allege (1) the warden's personal involvement in the constitutional deprivation;

or (2) a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Iqbal*, 556 U.S. at 676. Here, Plaintiff alleges no specific facts regarding Warden Madden's conduct beyond his assertion that, as warden, he "signed for" the transfer. *See* ECF No. 4 at 2. Plaintiff's vague and conclusory allegation is insufficient to support an inference that Warden Madden "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, he fails to state a plausible claim for relief against Warden Madden under section 1983. *Iqbal*, 556 U.S. at 678.

Because the Court finds Plaintiff failed to state an Eighth Amendment claim against any defendant, it dismisses Plaintiff's First Amended Complaint in its entirety. Further, because Plaintiff has already been provided a short and plain statement of his pleading deficiencies and an opportunity to amend, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks omitted) (second alteration in original).

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court DISMISSES Plaintiff's First Amended Complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: October 11, 2024

_____
Honorable Jinsook Ohta
United States District Judge

3:23-cv-01900-JO-DEB